William STEINER, on his own behalf, on behalf of him a class of plaintiffs similarly situated, Plaintiff,

v.

SOUTHMARK CORPORATION, et al., Defendants.

Berenice ABRAMS, et al., Plaintiffs,

v.

SOUTHMARK CORPORATION, et al., Defendants.

Norman SALSITZ, on his own behalf, on behalf of a class of plaintiffs similarly situated, Plaintiff,

v.

SOUTHMARK CORPORATION, et al., Defendants.

Civ. A. Nos. CA3–89–1387–D, CA3–89–1402–D and CA3–89–1492–D.

United States District Court, N.D. Texas, Dallas Division.

July 11, 1990.

Terrell W. Oxford of Susman Godfrey, Dallas, Tex., Daniel W. Krasner, Francis M. Gregorek and David P. Brower of Wolf Haldenstein Adler Freeman & Kerz, New York City, Steven J. Toll and Daniel S. Sommers of Cohen, Milstein & Hausfeld, Washington, D.C., and Gary E. Cantor and Larry Deutsch of Berger & Montague, Philadelphia, Pa., for plaintiffs.

Wm. Bruce Hoff, Jr., Robert J. Kriss, Gary A. Isaac and Susan J. Irion of Meyer, Brown & Platt, Chicago, Ill., and Robert W. Coleman and John W. Hicks, Jr. of Baker, Mills & Glast, Dallas, Tex., for defendant Grant Thornton.

FITZWATER, District Judge:

Defendant Grant Thornton ("Thornton") moves for reconsideration of the portion of the court's April 5, 1990 opinion and order that denies Thornton's motion to dismiss plaintiffs' pendent state law claim for negligent misrepresentation. *See Steiner v. Southmark Corp.*, 734 F.Supp. 269, 279–80 (N.D.Tex.1990). The court declined to accept at the motion to dismiss stage the proposition that Thornton owed no duty to plaintiffs as a matter of law. Thornton now moves the court to reconsider this determination, contending the court erred when it held that "[r]ecent Texas precedent extends § 552 [of the Restatement (Second) of Torts] liability further, holding that liability 'is extended to the persons or class of persons whom the maker of the representation intends to benefit or who foreseeably may be expected to act in reliance on it.'" *Id.* at 280 (quoting *Hermann Hosp. v. National Standard Ins. Co.*, 776 S.W.2d 249, 254 (Tex.App.1989, writ denied)). Thornton reads the court's prior opinion as adopting a broad foreseeability standard for purposes of § 552. The court disagrees that Thornton is now entitled to dismissal of the negligent misrepresentation claim, but adds these words of clarification to its prior opinion.

Texas courts follow § 552 of the Restatement in imposing liability for negligent misrepresentation. *E.g., Geosearch, Inc. v. Howell Petroleum Co.*, 819 F.2d 521, 523 (5th Cir.1987) (Texas law); *see Shatter-proof Glass Corp. v. James*, 466 S.W.2d 873, 880 (Tex.Civ.App.1971, writ ref'd n.r.e.) (accountant may be liable to third parties pursuant to § 552 for negligent preparation of financial statements). Liability under § 552 is limited to persons (1) whom the maker of the representation intends to benefit or (2) to a limited group of persons for whose benefit the maker intends to supply the information or knows that the recipient intends to supply it. *Steiner*, 734 F.Supp. at 279, 280 (citing *Hermann Hospital*, 776 S.W.2d at 253).

Whether a person or group of persons falls within the "limited class" as used in § 552 is a fact issue. *Blue Bell, Inc. v. Peat, Marwick, Mitchell and Co.*, 715 S.W.2d 408, 412 (Tex.App.1986, writ ref'd n.r.e.). The *Blue Bell* court declined to adopt a broad standard of foreseeability to determine the parameters of the class. *Id.* It did, however, reject a strict interpretation of § 552 that would circumscribe the class only to those persons actually and specifically known by the person who negligently supplies information. *Id.* The universe of persons is instead directly related to the particular risk to which the victims were subjected. *Cook Consultants, Inc. v. Larson*, 700 S.W.2d 231, 235–36 (Tex.App. 1985, writ ref'd n.r.e.). Scrutinizing the risk involves such factors as: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of the harm to the plaintiff; (3) the closeness of the connection between the defendant's conduct and the injury suffered; and (4) the potential liability. *Id.* at 235.

The court does not suggest that foreseeability alone will determine the extent of the duty of care owed to third parties by an accounting firm. The decision turns on several elements. While no Texas court has squarely addressed whether accountants who certify financial statements owe to third party purchasers of securities a duty of care, Texas cases indicate the existence of such a duty is at least in part a question of fact. *See id.* at 235–36. The court cannot resolve the question on the pleadings alone. Dismissal at this stage is

therefore improper and the motion for reconsideration is accordingly denied.

SO ORDERED.