Karen HART and John Hart,
Appellants,

v.

AETNA CASUALTY AND SURETY
COMPANY, Appellee.

No. 07–87–0280–CV.

Court of Appeals of Texas,
Amarillo.

July 20, 1988.

Gary Taylor, Felty & Taylor, Lubbock, for appellants.

James L. Wharton, Jones, Trout, Flygare, Moody & Brown, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

This is an appeal from an instructed verdict to set aside a release. By two points of error appellants, the Harts, contend that the trial court erred in instructing a verdict, claiming there was sufficient probative evidence (1) concerning the existence of a fiduciary duty owed by Aetna Casualty and Surety Company's ("Aetna") adjuster to the Harts; and (2) to show certain material misrepresentations, fraud, and attempts to exert undue influence. We affirm.

The record reveals that Karen Hart was employed as an emergency medical technician when she was dispatched to the Heritage Arms Apartments in response to a call about chlorine poisoning. In the process of treating the victims Mrs. Hart was exposed to the chlorine gas. Within two weeks of Mrs. Hart's exposure to the gas, Aetna's insurance adjuster, Marianna Grimes, contacted Mrs. Hart. Sometime after the initial contact the Harts executed a complete release of all liability to Aetna and the three defendants Aetna insured. In ex-

change for the release Aetna paid the Harts $1,500.

The Harts' suit to set aside the release alleged that Grimes made several representations to them which were false and on which the Harts relied. The representations alleged in the pleadings and testified to at trial are: (1) Aetna was not liable for Mrs. Hart's injury; (2) an attorney would not be able to aid the Harts because Aetna was not liable; and (3) all of the other parties had settled their claims for $1,000 each. The Harts claimed they relied on those representations to their detriment in signing the release. After the Harts' evidence was presented, Aetna moved for an instructed verdict on the grounds that the representations were not material facts on which the Harts relied in signing the release and that Aetna owed no fiduciary duty of good faith and fair dealing to the Harts, therefore, the release could not be set aside. The trial court granted the instructed verdict and severed the action from the primary lawsuit.

By their first point of error the Harts claim the trial court improperly granted the instructed verdict because there was evidence of the existence of a fiduciary duty and the breach of that duty. An instructed verdict is warranted only when (1) a defect in the opponent's pleading makes it inadequate to support a judgment; (2) the evidence establishes conclusively the truth of fact propositions which, under the substantive law, shows the right of the movant, or negates the right of his opponent, to judgment; or (3) the evidence is insufficient to present a fact issue as to one or more fact propositions which must be established for the opponent to be entitled to judgment. *Watts v. St. Mary's Hall, Inc.*, 662 S.W.2d 55, 59 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

■ The Harts' claim that a fiduciary duty of good faith and fair dealing exists between them and Aetna falls into the first category above. The Harts have not pleaded a cause of action under which they may recover. It is clear that a fiduciary duty of good faith and fair dealing exists in Texas and has been extended to run from an insurer to its insured. *Arnold v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex.1987). However, no Texas case has applied the insurance carrier's duty to an injured third party outside the workers' compensation area. *See Chaffin v. Trans-America Ins. Co.*, 731 S.W.2d 728, 732 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Consequently, the Harts' pleading does not state a legally recognized cause of action for breach of a fiduciary duty of good faith and fair dealing. The Harts' first point of error is overruled.

■ By their second point of error the Harts claim the trial court erred in granting the instructed verdict because the evidence presented at trial showed that certain facts surrounding the execution of the release in question constituted material misrepresentations, fraud, and attempts to exert undue influence. Initially, we note that the Harts failed to plead or present evidence on undue influence and cannot raise that issue on appeal. *Davis v. Campbell*, 572 S.W.2d 660, 662 (Tex.1978). Therefore, our review is limited to the questions of material misrepresentations and fraud.

To establish fraud it must be shown that (1) a material representation was made; (2) it was false; (3) it was made with knowledge of its falsity or recklessly without knowledge of its truth and as a positive assertion; (4) it was made with the intention that it be acted upon; (5) the party acted in reliance on the representation; and (6) the party suffered injuries as a result of his reliance on the representation. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex.1977). Pure expressions of opinion are not actionable as fraud. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983).

■ The Harts argue that the representations made by Grimes were material and false and that they relied on such representations when signing the release. The first two representations concern Aetna's liability for Mrs. Hart's injuries. Those statements are considered statements of opinion as to the law and, when made by an insurance adjuster, who is not an attorney, they are insufficient to justify cancellation of a release. *Nat'l Fire Ins. Co. v. Plummer,*

228 S.W. 250, 252 (Tex.Civ.App.1921, no writ). Thus, there is no basis for cancellation of the release because of the first two representations.

■ The third representation the Harts claim was a material misrepresentation was the statement that all other parties had previously settled with Aetna for $1,000 each. In order to establish materiality there must be proof that the misrepresentation induced the party to act. *Manges v. Astra Bar, Inc.,* 596 S.W.2d 605, 611 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). The Harts, by their testimony and statements in their brief, admitted that whether they settled the case first or last or whether they received more or less compensation than the other parties was not important in the execution of the release to Aetna. As a result the record reveals that the representations were immaterial, which negates an essential element of the Harts' fraud cause of action. Thus, by their own admission, the Harts conclusively established the opposite of a vital fact necessary to their cause of action. Therefore, an instructed verdict was proper. *See Watts v. St. Mary's Hall, Inc.,* 662 S.W.2d at 59. The Harts' second point of error is overruled.

The judgment of the trial court is affirmed.