Dinah BOWMAN, Appellant,

v.

CHARTER GENERAL AGENCY,
INC., Appellee.

No. 13–90–058–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 11, 1990.

Rehearing Overruled Nov. 8, 1990.

Savannah Robinson, Corpus Christi, for appellant.

Skipper Koetter, Kemper Stephen Williams, III, Victoria, for appellee.

Before NYE, C.J., and KENNEDY and KEYS, JJ.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. Appellant, Dinah Bowman, sued appellees, Holmes, Easley & Glover Claim Managers, Inc., Charter General Agency, Inc., and Mike Glover, alleging negligent and intentional infliction of mental anguish, gross negligence and fraud. The trial court entered summary judgment favorable to Charter General. Only Charter General's case is before us on appeal. By four points of error, appellant complains that the trial court erred in finding that Charter General owed her no duty, that she had released Charter General from liability, that Mike Glover was not Charter General's agent or employee, and that Mike Glover was acting outside the course and scope of his employ-

ment. We affirm the trial court's judgment.

On March 1, 1988, appellant was driving her car and collided with a vehicle which Angele Lee drove. That same day, appellant and her husband contacted Lee's insurance company. They were told that a representative would be contacting them within a couple of days. During this time, appellant rented a vehicle to use in place of her damaged car. Approximately one week later, Mike Glover contacted appellant and identified himself as an insurance adjuster for Lee's insurance carrier. Glover told appellant that he would locate someone to estimate the damages to her vehicle. After appellant's car was repaired, Glover informed appellant that he had the check to pay the repair bill. When appellant went to obtain her vehicle, Glover showed her a waiver which indicated that she would not receive any recompense for either the vehicle she rented or for the time she missed from her job and business. Appellant refused to sign the waiver, and Glover declined to surrender the check to pay the repair bill.

Appellant sued Charter General, alleging negligent and intentional infliction of mental anguish and gross negligence. These causes of action are based upon Charter General's alleged violation of the duty of due care, the duty of good faith and fair dealing, the duty to comply with 21 Tex.Admin.Code § 21.203(1), (3), (4), (8), (13), (15) and (16), 21 Tex.Admin.Code § 21.205 and the Texas Insurance Code. Appellant also sued Charter General for fraud. In her fraud allegation, appellant alleges that if a release, which she and her attorney signed, does discharge Charter General from liability, then the release is void because it was procured through fraud.

Charter General moved for summary judgment on the basis that it did not control Mike Glover's investigation or claim adjustment, that the release freed all persons and corporations from liability arising out of the collision, and that appellant has failed to state a cause of action because the fiduciary duty of good faith and fair dealing has not been extended to an injured

third-party outside the workers' compensation realm. The summary judgment order does not state which basis led to the granting of the summary judgment.

■ The movant for summary judgment bears the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *R.I.O. Systems, Inc. v. Union Carbide Corp.,* 780 S.W.2d 489, 490 (Tex.App.—Corpus Christi 1989, writ denied). In deciding whether a disputed material fact issue exists to preclude summary judgment, evidence favorable to the non-movant will be accepted as true. In that context, every reasonable inference will be indulged in the non-movant's favor and any doubts resolved in its favor. The question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact concerning one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970); *R.I.O. Systems,* 780 S.W.2d at 490.

By her fourth point of error, appellant complains that the trial court erred in finding that she had released Charter General from liability when she signed a "release of actions against Angele Lee." She argues that if the release does in fact discharge Charter General from liability, then the release is void because it was procured through fraud.

On November 14, 1988, appellant and her attorney executed a "RELEASE" which states, in pertinent part:

For further consideration herein, I further agree to indemnify and forever hold harmless Angele Lee and all other persons, firms or corporations who might or could be claimed to be liable therefor, of and from any and all claims, demands, actions or causes of action or liabilities of any nature whatsoever growing out of said accident to Dinah Bowman whether such claims and demands, actions or causes of action be in the future brought by Dinah Bowman, or by anyone on her behalf.

The Texas Supreme Court established the current law relating to releases in *McMillen v. Klingensmith,* 467 S.W.2d 193 (Tex.1971). In *McMillen,* the plaintiff was injured in an automobile accident with another driver. The plaintiff released the other driver from all claims and then sued two physicians for malpractice in the treatment of her injuries resulting from the collision. The physicians obtained a summary judgment based on plaintiff's release of the other driver. *McMillen,* 467 S.W.2d at 194. The supreme court reversed the summary judgment and said that "[u]nless a party is named in a release, he is not released ... a release of a party or parties named or otherwise specifically identified fully releases only the parties so named or identified, but no others." *McMillen,* 467 S.W.2d at 196.

■ In *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984), a release purported to discharge "any other corporation or persons whomsoever responsible" for James Parker's death. *Duncan,* 665 S.W.2d at 419. The supreme court held that naming of a general class of tortfeasors in a release does not discharge the liability of each member of that class. A tortfeasor can claim a release's protection only if the release refers to him by name or with such descriptive particularity that his identity or connection with the tortious event is not in doubt. *Duncan,* 665 S.W.2d at 419–20.

In the instant case, the release discharged "all other persons, firms or corporations" from liability to appellant. The release does not name Charter General, nor does it provide some specific description of Charter General. Since the reference to "all other persons, firms or corporations" does not supply the descriptive particularity necessary to specifically identify Charter General, the release does not, as a matter of law, bar appellant's suit against Charter General.

We agree that the trial court would have erred if it had granted summary judgment based on the ground that the release discharged Charter General from liability. Our law is well-established, however, that when a defendant offers several alternative theories why a summary judgment should be granted, and the court grants the motion on more than one theory or fails to state the basis of granting the summary judgment (which is what happened in the instant case), the trial court's action should be affirmed if any of the defendant's several theories are meritorious. *Martinez v. Corpus Christi Area Teachers Credit Union*, 758 S.W.2d 946, 950 (Tex.App.—Corpus Christi 1988, writ denied).

■ By her third point of error, appellant complains that the trial court erred in finding that Charter General did not owe her a duty. Charter General moved for summary judgment on the basis that it did not owe appellant a duty of good faith and fair dealing. Texas law is well-established that "[a]ccompanying every contract is a common-law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort as well as a breach of contract." *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508, 510 (1947). The same duty of care and faithfulness that arises under common law contracts applies equally to insurance contracts. *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 212 (Tex.1988); *American Standard Life Insurance Co. v. Redford*, 337 S.W.2d 230, 231 (Tex.Civ.App.—Austin 1960, writ ref'd n.r.e.).

Specifically, the Texas Supreme Court has recognized the duty of an insurer to deal fairly and in good faith with its insured in the processing and payment of claims. *Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165, 167 (Tex.1987); *English v. Fischer*, 660 S.W.2d 521, 524 (Tex.1983). This duty of good faith and fair dealing arises out of the special trust relationship between the insured and the insurer. In *Arnold*, the supreme court stated:

In the insurance context a special relationship arises out of the parties' unequal bargaining power and the nature of the insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims. In addition, without such a cause of action insurers can arbitrarily deny coverage and delay payment of a claim with no more penalty than interest on the amount owed. An insurance company has exclusive control over the evaluation, processing and denial of claims.

*Arnold*, 725 S.W.2d at 167. The duty of good faith and fair dealing is thus imposed on the insurer because of the disparity of bargaining power and the exclusive control that the insurer wields over the processing of claims. *Aranda*, 748 S.W.2d at 212.

■ The instant case is distinguishable from those cases where courts have imposed a duty of good faith and fair dealing upon insurance companies. The cases imposing such a duty all involve first-party insureds suing pursuant to their own insurance policies after their insurer wrongly denied or delayed recovery of the insureds' claims. *See e.g.*, *Vail v. Texas Farm Bureau Mutual Insurance Co.*, 754 S.W.2d 129, 130–31 (Tex.1988); *Arnold*, 725 S.W.2d at 166–67; *Aetna Casualty and Surety Co. v. Joseph*, 769 S.W.2d 603, 606 (Tex.App.—Dallas 1989, no writ). Here, the facts are uncontroverted that appellant is not Charter General's insured. No contractual relationship existed between the parties. Appellant complains of Charter General's actions taken in connection with her *third-party* claim against Angele Lee's insurance policy. Appellant does not allege that she was denied benefits under her own insurance coverage and, therefore, she is not a first-party claimant. We have not found any case in which a Texas court has extended an insurer's duty of good faith and fair dealing to provide a remedy to an injured third-party outside the workers' compensation area.[1] *See Caserotti v.*

1. We recognize that the "Stowers Doctrine" is an exception to this rule. In *G.A. Stowers Furni-*

*State Farm Insurance Co.*, 791 S.W.2d 561, 566 (Tex.App.—Dallas 1990, no writ); *Hart v. Aetna Casualty and Surety Co.*, 756 S.W.2d 27, 28 (Tex.App.—Amarillo 1988, no writ); *Chaffin v. Transamerica Insurance Co.*, 731 S.W.2d 728, 732 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). We hold that appellant does not have a good faith and fair dealing cause of action against Charter General.

Appellant's remaining causes of action against Charter General rest on an alleged breach of the duty of good faith and fair dealing which does not exist in this case. Therefore, the trial court did not err in finding that Charter General owed no duty to appellant.

By point one, appellant complains that the trial court erred in finding that Mike Glover was not Charter General's employee, borrowed employee, or apparent agent. By point two, appellant complains that the trial court erred in finding that Mike Glover was acting outside the course and scope of his employment. Due to our disposition of point three wherein we held that appellant has no cause of action against Charter General for breach of the fiduciary duty of good faith and fair dealing, we need not review the merits of points one and two.

The trial court's judgment is AFFIRMED.

ture Co. v. American Indemnity Co., 15 S.W.2d 544 (Tex.Com'n App.1929, holding approved), the court allowed a third-party claimant to sue the tortfeasor's insurance company for the portion of a judgment in excess of the policy limits when the insurance company unreasonably failed to settle a claim within the tortfeasor's policy limits. This case, however, does not present a "Stowers" situation.