Kathleen G. WATSON, Appellant,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

No. 2–90–170–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 23, 1991.

Opinion on Rehearing April 8, 1992.

731 S.W.2d at 147 n. 1.

424

cause we hold that such a third-party beneficiary may not bring a suit against the insurer for a breach of the duty of good faith and fair dealing. The insurer has no such duty to the third-party beneficiary of an automobile liability policy since there is no special relationship between the insurer and the beneficiary. We further hold that Watson may not bring a claim under the Texas Deceptive Trade Practices Act because she is not a "consumer" seeking goods or services as defined by the DTPA; rather, she seeks insurance proceeds. Finally, we hold that Watson is not entitled to a declaratory judgment because such a declaration would not have terminated the uncertainty or controversy giving rise to the proceeding.

We may affirm a summary judgment only if the record establishes that the movant has conclusively proved all essential elements of its cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

Watson was involved in a motor vehicle collision with M.D. Townley, an insured under a liability policy with Allstate. Watson has not acquired a judgment against Townley or otherwise established that he is legally responsible for the collision. Under its policy, Allstate is responsible to pay damages for bodily injury or property damages for which any covered person becomes legally responsible because of an auto accident.

The issue before this court is whether a potential third-party beneficiary under an automobile liability policy has any cause of action against an insurer directly without first obtaining a judgment establishing that the insured is legally responsible for the collision.

A third-party claimant has no contractual rights under an insurance policy until the liability of the covered person has been established by judgment or written agreement with the insurer. *State Farm County Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex.1989). An insurer does not owe the duty of good faith and fair dealing

Adams, Lynch, Loftin & Smith, P.C., and John T. Lynch, IV, Stacy B. Loftin, and Steven M. Weinberg, Bedford, for appellant.

J. Michael Liles, P.C., and J. Michael Liles, Fort Worth, for appellee.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

HILL, Justice.

Kathleen G. Watson appeals from a summary judgment that she take nothing in her suit against Allstate Insurance Company, the appellee. In three points of error, Watson contends that the trial court erred by striking her pleadings and granting Allstate's summary judgment in her causes of action against Allstate for breach of the duty of good faith and fair dealing and suit for declaratory judgment, and by ruling that she is not a consumer with respect to the Deceptive Trade Practices Act and not entitled to bring an action under TEX.INS. CODE ANN. art. 21.21 (Vernon Supp.1991).

We reverse and remand as to her action under article 21.21 of the Texas Insurance Code because we hold that a third-party beneficiary of an automobile liability policy may bring an action under that article without first proceeding directly against the named insured of the policy. We affirm as to the remainder of Watson's claims be-

to one who asserts a third-party claim, even if the third-party claimant is an insured of the same company. *Caserotti v. State Farm Ins. Co.*, 791 S.W.2d 561, 566 (Tex. App.—Dallas 1990, writ denied). It follows that there is also no such duty as to a third-party claimant who is not an insured of that company, because the duty arises out of the special relationship between the insured and the insurer. *See Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 212 (Tex.1988).

■ Watson contends in her point of error number one that she is an intended third-party beneficiary of Townley's liability policy with Allstate, and that Allstate therefore owes her a duty of good faith and fair dealing. In support of her argument that an insurer owes such a duty to an intended third-party beneficiary of an automobile liability policy, Watson relies on the cases of *Arnold v. National County Mutual Fire Ins. Co.*, 725 S.W.2d 165 (Tex. 1987); *Sentry Ins. v. Siurek*, 748 S.W.2d 104 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); and *Chaffin v. Transamerica Insurance Co.*, 731 S.W.2d 728 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

In *Chaffin*, the court held that an employer of a subcontractor on a roofing job may have a claim against the subcontractor's insurer after securing a judgment against the insured, which is limited to the amount of the policy, but that it had no remedy under the Texas Insurance Code, nor under a common law duty of good faith and fair dealing. *Id.* at 732. The court held that such a duty was not available to an injured third party. Although the court held that an insurer owes a legal duty to an intended beneficiary of the policy, it did not hold that someone in Watson's position was such an intended beneficiary, nor did it outline what such legal duty was. *Id.*

The Texas Supreme Court in *Arnold* established the duty of good faith and fair dealing between an insurer and its insured. *Arnold*, 725 S.W.2d at 167. It made no reference to third-party beneficiaries. Likewise, we find no reference in *Sentry* to third-party beneficiary claims.

Watson also relies on *Dairyland County Mutual Ins. Co. v. Childress*, 650 S.W.2d 770 (Tex.1983). In *Dairyland*, the Texas Supreme Court held that someone in Watson's position as an intended third-party beneficiary of an automobile liability policy had the right to sue for damages on the insurance contract and recover attorney fees. *Id.* at 775. In that case, Childress had obtained a judgment against the insured prior to the suit against Dairyland. As we have previously noted, the supreme court subsequently restated the principle that it is necessary to obtain such a judgment before proceeding with such an action on the contract.

Watson seeks to compare her situation with that of the injured worker covered by workers' compensation, as discussed in *Aranda*, 748 S.W.2d at 212. In *Aranda*, the Texas Supreme Court held that under the Workers' Compensation Act the employee is a party to the insurance contract, and that the contract between the employee and the insurer creates the same type of special relationship that arises under other insurance contracts. Therefore, there is a duty on the part of workers' compensation carriers to deal fairly and in good faith with injured employees in the processing of compensation claims. *Id.* at 212–13. Unlike the employee in *Aranda*, Watson, although she may be an intended beneficiary under the policy, is not part of a direct contractual relationship with the insured or the insurer as was the worker in *Aranda*. She therefore did not have a special relationship with Allstate as would an insured or other party contractually related to the insurer or the insured. Since the duty of good faith and fair dealing arises out of such a special trust relationship, it follows that such a duty is lacking in this case. We overrule point of error number one.

■ Watson contends in point of error number two that she was at least entitled to a declaratory judgment, pursuant to section 37.001 of the Texas Civil Practices and Remedies Code, declaring her to be a statutory third-party beneficiary of the automobile liability policy between Townley and Allstate. The declaration sought by Wat-

son would not have terminated the uncertainty or controversy giving rise to the proceeding. Consequently, the trial court was under no obligation to make such a declaration. TEX.CIV.PRAC. & REM.CODE ANN. sec. 37.008 (Vernon 1986). We overrule point of error number two.

■ Watson urges in point of error number three that she is a consumer under the Texas Deceptive Trade Practices Act and has the right to bring an action under article 21.21 of the Texas Insurance Code. In order to be a consumer under the Texas Deceptive Trade Practices Act, Watson must have sought or acquired, by purchase or lease, goods or services. TEX.BUS. & COM.CODE ANN. sec. 17.45(4) (Vernon 1987). Because Watson is seeking to acquire insurance proceeds, and they are not goods or services, she is not a consumer. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).

Watson urges that because of the statutory mandatory automobile liability insurance scheme of the Texas Motor Vehicle Safety Responsibility Act, she sought or acquired the insurance policy furnished by Allstate to Townley. She relies on the cases of *Kennedy v. Sale*, 689 S.W.2d 890, 892 (Tex.1985); *Flenniken v. Longview Bank and Trust Co.*, 661 S.W.2d 705, 707 (Tex.1983); and *HOW Ins. Co. v. Patriot Financial Services of Texas, Inc.*, 786 S.W.2d 533, 539 (Tex.App.—Austin 1990, writ denied). *HOW* and *Kennedy* each involved cases in which the plaintiff was a consumer because he had acquired insurance services as an insured under a policy purchased by another. In *Flenniken*, the DTPA action arose from a transaction in which the plaintiff had purchased a residence. None of these cases hold that an unknown intended beneficiary has in some way sought or acquired goods or services and therefore is a consumer under the Act. We hold that Watson was not a consumer under the DTPA. We overrule point of error number three as it relates to a cause of action under article 21.21 of the Insurance Code in the capacity of a consumer under the Texas Deceptive Trade Practices Act.

■ Watson also argues in point of error number three that she could have brought a cause of action under article 21.21, § 16 of the Texas Insurance Code for violation of certain board rules because such an action may be brought by "a person," and such person is not required to be a consumer as defined by the DTPA. We agree that under 21.21, § 16 one does not have to be a consumer to bring an action such as that brought by Watson.

As we understand Watson's claim under article 21.21, § 16 of the Texas Insurance Code, she is contending that Allstate was in violation of the State Board of Insurance rule respecting unfair claim settlement practices contained in 28 TEX.ADMIN.CODE sec. 21.203(4) (West 1988). That section provides that an insurer commits an unfair claim settlement practice when, with such frequency as to indicate a general business practice, it does not attempt in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear. *Id.*

Allstate's liability under the terms of its policy with its insured was for damages for bodily injury or property damage for which any covered person becomes legally responsible because of an accident. Our reading of the State Insurance Board rule as applied to Allstate would be that if it as a general business practice fails to make prompt, fair, and equitable settlements of the claims of third parties where its liability to those parties has become reasonably clear, it has committed an unfair claim settlement practice. If in fact it has committed an unfair claim settlement practice, Allstate would be liable to any person who has suffered actual damages as a result of Allstate's practice. Watson has alleged that she is such a person. Consequently, if Allstate has engaged in such a practice and Watson has suffered actual damages as a result, Watson may recover those damages from Allstate under the terms of article 21.21, § 16.

Allstate did not move for summary judgment based on any contention that as a matter of law it did not engage in such practices or that Watson had not suffered

any damage as a result. Instead, Allstate alleged in its motion that Watson had no claim under article 21.21 because such a claim must be related to the "business of insurance." We agree with Allstate that a claim brought under article 21.21 must be related to the "business of insurance" because section 1(a) of article 21.21 states that the purpose of the act is to regulate trade practices in the business of insurance in accordance with the intent of Congress as expressed in the McCarran–Ferguson Act, ch. 20, 59 Stat. 33 (1945) (codified as amended at 15 U.S.C. secs. 1011–1015 (1982 & Supp. I 1983)). We also agree with Allstate's contention that federal law is controlling in the interpretation of what constitutes the "business of insurance." *See Fry v. John Hancock Mutual Life Insurance Co.*, 355 F.Supp. 1151, 1153 (N.D.Tex.1973).

In determining whether the practice sought to be regulated constitutes the "business of insurance," we must consider the following three criteria:

 1. whether the practice being considered has the effect of transferring or spreading a policyholder's risk;

 2. whether the practice is an integral part of the policy relationship between the insurer or insured; and

 3. whether the practice is limited to entities within the insurance industry.

*Union Labor Life Insurance Co. v. Pireno*, 458 U.S. 119, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982). We hold that an insurance company's practices in the settlement of its claims arising from the policy between itself and its insured meets all three of these criteria and constitutes the business of insurance.

Allstate asserts that the business must be directly related to the insured to constitute the "business of insurance," relying on *SEC v. National Securities, Inc.*, 393 U.S. 453, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969) and *Malley–Duff & Associates v. Crown Life Ins. Co.*, 734 F.2d 133, 134 (3rd Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 564, 83 L.Ed.2d 505 (1984). In *SEC*, the United States Supreme Court stated that "Statutes aimed at protecting or regulating

this relationship, [the relationship between the insurance company and its insured] *directly or indirectly*, are laws regulating the 'business of insurance.'" *SEC*, 393 U.S. at 460, 89 S.Ct. at 568 (emphasis added). In *Malley–Duff* the Court stated that the federal act only exempted "'the business of insurance,' i.e. *primarily* the insurer-insured relationship." *Malley–Duff*, 734 F.2d at 134 (emphasis added). Although in *SEC* the Court stated that the federal statute—the McCarran–Ferguson Act—was an attempt to assure that the activities of insurance companies in dealing with their policyholders would remain subject to state regulation, the overall opinion indicates that the Court does not limit the "business of insurance" solely to those activities that directly involve the policyholder.

■ We hold that the prompt, fair, and equitable settlement of claims made by third parties arising out of the policy between the insurer and its insured is so closely related to the policy as between the insurer and the insured so as to constitute the "business of insurance."

■ In its motion for summary judgment, Allstate relied on the cases of *Hart v. Aetna Casualty and Surety Company*, 756 S.W.2d 27 (Tex.App.—Amarillo 1988, no writ) and *Chaffin*, 731 S.W.2d at 728. In *Chaffin*, the court held that a person who might bring a suit under article 21.21 of the Texas Insurance Code did not include one who was neither an insured or beneficiary of the policy. The court specifically held that the plaintiff was not a third-party beneficiary of the insurance contract. *Id.* at 731. In this case Watson is a third-party beneficiary of the insurance contract. *Hart* did not involve a claim brought under article 21.21 of the Texas Insurance Code. *Hart*, 756 S.W.2d 27. We sustain Watson's third point of error as it relates to her cause of action brought under article 21.21 of the Texas Insurance Code for violations of orders of the State Board of Insurance.

We reverse the judgment that Watson take nothing in her claim brought under article 21.21 of the Texas Insurance Code and remand that cause to the trial court for trial. The remainder of the judgment is

affirmed. Costs are charged three-fourths to Watson and one-fourth to Allstate.

## OPINION ON REHEARING

Allstate's motion for rehearing and various *amicus curiae* briefs on rehearing focus more directly than did the original briefs on the issue of whether a third-party beneficiary of a Texas automobile liability policy has an individual cause of action against the insurer under TEX.INS.CODE ANN. art. 21.21 (Vernon 1981 & Supp.1992) when the insurer has committed an unfair claims settlement practice because, with such frequency as to indicate a general business practice, it does not attempt in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear. Watson's motion for rehearing questions our holding that federal law controls as to what constitutes the business of insurance, arguing that state law controls.

■ We overrule Allstate's motion for rehearing because we hold that Watson has a "claim" against Allstate as defined by the rules of the Texas Board of Insurance even if she could not yet assert the claim in court; that as a claimant, Watson is entitled to have her claim dealt with fairly; and that if Allstate does not, as a regular business practice, deal fairly with such claimants when its liability is reasonably clear, Watson or any other claimant has an individual cause of action against it under article 21.21, section 16 of the Texas Insurance Code. We also hold that to eliminate a cause of action established by the legislature and the State Board of Insurance, the constitutionality of which has not been challenged, for policy reasons such as those argued by Allstate and the *amici curiae,* would be an unwarranted judicial intrusion into the legislative and the executive arena. We do not reach the issue of whether such a cause of action must be abated until judgment against the insured has been obtained.

We grant Watson's motion for rehearing in part by withdrawing those portions of our original opinion which hold that federal law controls the determination of what constitutes the "business of insurance" in causes of action brought under article 21.-21, section 16 of the Texas Insurance Code. Instead we hold that whether the federal test is used or the definition of the "business of insurance" contained at TEX.INS. CODE ANN. art. 1.14–1, sec. 2(a)(6) (Vernon Supp.1992) is used, Allstate's handling of Watson's claim constituted the business of insurance as it relates to an article 21.21, section 16 action. We overrule the remaining portions of Watson's motion for rehearing.

Article 21.21, section 16 of the Texas Insurance Code creates an individual cause of action against an insurer for any person who has sustained actual damages due to unfair claims settlement practices on the part of that insurer. The Texas Supreme Court has recognized this cause of action when brought by an insured. *See Vail v. Texas Farm Bureau Mut. Ins. Co.,* 754 S.W.2d 129, 134 (Tex.1988). Allstate and the *amici curiae* contend that Watson does not qualify to bring such a suit because her seeking recovery from the insurer of the party whom she alleges caused her injury does not meet the State Board of Insurance's definition of a claim until such time as she has obtained a judgment against the insured.

The term "claim" as defined by the rules of the State Board of Insurance is "a request or demand reduced to writing and filed by a Texas resident with an insurer for payment of funds or the providing of services under the terms of a policy, certificate, or binder of insurance." State Board of Insurance, 28 TEX.ADMIN.CODE sec. 21.-202 (West Sept. 9, 1982) (Unfair Claims Settlement Practices). There is no contention that Watson is not a Texas resident nor that her request or demand was not reduced to writing. We hold that her request or demand is for the payment of funds under the terms of the insurer's contract of insurance with its insured. Consequently, her claim does meet the definition of "claim," thereby conferring upon her the right to bring an action under article 21.21, section 16 of the Insurance Code.

Allstate contends that the definition indicates that the third party's claim must be liquidated in order to qualify as a claim within the meaning of the insurance board rules. One of the *amicus curiae* contends that because a third-party beneficiary has no contractual rights under the policy until the liability of the covered person has been established by judgment or written agreement with the insurer, Watson presently has no legal right to payment of funds.

As we noted in the opinion, Allstate's responsibility under its policy is to pay damages for bodily injury or property damages for which any covered person becomes legally responsible because of an auto accident. Watson's claim against Allstate is based on her allegation that Allstate's insured has become legally responsible to her by virtue of her accident with the insured. We therefore believe that we are correct in holding that Watson's request or demand in writing for payment of funds by virtue of Allstate's insurance policy with its insured is a "claim" as defined in section 21.202 of the State Board of Insurance rules. *See* 28 TEX.ADMIN.CODE sec. 21.202. We see nothing in the definition of "claim" that would require the demand to be liquidated or that would require the demand be one that could presently be recovered in court at the time it is made, only that it be based upon the terms of the insurance policy. Although a third-party beneficiary under an automobile liability policy is precluded from seeking recovery under the policy against the insurer until it has obtained judgment against the insured, there is no prohibition against the third-party beneficiary presenting his or her claim to the insurer based upon the beneficiary's claim that the insurer is liable to it under the terms of the policy because the insured has become legally responsible due to the insured's negligence being a proximate cause of damage to the beneficiary.

Allstate relies on *Warfield v. Fidelity & Deposit Co.*, 904 F.2d 322, 326–27 (5th Cir. 1990); *Chaffin v. Transamerica Ins. Co.*, 731 S.W.2d 728, 732 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *Caserotti v. State Farm Ins. Co.*, 791 S.W.2d 561, 566 (Tex.App.—Dallas 1990, writ de-

nied); and *Employers Casualty Co. v. International Trucking Co.*, No. 04–90–00012–CV (Tex.App.—San Antonio, June 26, 1991, rehearing pending).

*Warfield* was a suit against certain insurers for failure to pay a claim on a banker's blanket bond. In upholding the trial court's dismissal of the lawsuit, the 5th Circuit Court held that one may not make a recovery under article 21.21 of the Texas Insurance Code unless there is a direct and close relationship between the wrongdoer and the claimant. The court relied on *Chaffin, Vail, Aetna Cas. & Sur. Co. v. Marshall*, 724 S.W.2d 770 (Tex.1987), and *Hermann Hosp. v. National Standard Ins.*, 776 S.W.2d 249 (Tex.App.—Houston [1st Dist.] 1989, writ denied). We have examined all of those cases, including *Warfield,* and find that not one constitutes authority that a third-party beneficiary of an automobile liability policy who has not yet obtained a judgment against the insured has no individual cause of action against an insurer under article 21.21, section 16 of the Texas Insurance Code due to the insurer's unfair claims settlement practices. To the extent that *Warfield* might contain language that might indicate such authority, it is clearly *dicta* since *Warfield* did not involve an automobile liability policy. To the extent that *Warfield* might constitute such authority we decline to adopt that rule for the reason that we hold that such a third-party beneficiary is a claimant within the rules of the Texas Insurance Board who may bring such an action when confronted with unfair claims settlement practices.

We distinguished *Chaffin* in our original opinion for the reason that the plaintiff in that case was not a third-party beneficiary of the policy. As we also noted in our original opinion, Watson is such a third-party beneficiary. In *Caserotti,* the court held, based on *Chaffin,* that the insurer did not have a duty of good faith and fair dealing to an injured third party. *Caserotti,* 791 S.W.2d at 566. Although the plaintiff alleged some violation of the Texas Insurance Code, the opinion does not specifically address her cause of action under

the code in its discussion. We therefore find no authority in *Caserotti* inconsistent with our holding here, for we have agreed that Allstate owed Watson no common-law duty of good faith and fair dealing.

We acknowledge that *Employers Casualty* is on point and reaches a different conclusion. In that case, the Fourth Court of Appeals determined that a third party such as Watson could not bring a cause of action under article 21.21 against the insurer because the third party could not claim beneficiary status in the absence of a determination of the liability of the insured. *Employers Casualty*, slip op. at 10. In reaching that conclusion, the court relied only on the case of *Hermann Hosp.*, 776 S.W.2d at 250. In that case, the First District Court of Appeals held that a hospital was entitled to bring an action under article 21.21, even though not an insured, against a health insurer whose assurance of coverage the hospital had relied upon in admitting a patient. In reaching its conclusion, that court found that the relationship between a hospital and a health insurance company was a direct one because of the hospital's reliance upon the representations of coverage made by health insurance carriers. *Id.* at 254. Although the court in *Hermann* found a direct relationship between the hospital and the insurance company existed in that case, its holding is not in any way inconsistent with our holding here. Since that case did not involve an automobile liability policy, the court was not faced with whether a third party under a Texas automobile liability policy could be a claimant under article 21.21.

The court in *Employers Casualty* apparently concluded that if one may not bring a suit under the insurance contract until a judgment has been obtained against the insured, and if the insurer has no common-law duty of good faith and fair dealing as to the third party, such a third party has no right of action under article 21.21 of the Texas Insurance Code. Such a conclusion has no support in logic and is inconsistent with the terms of the Code and the rules of the State Board of Insurance. We also note that *Employers Casualty Company* is still pending rehearing some nine months after the first opinion was handed down, and is thus not a final opinion.

As we have previously noted, Watson makes her claim under the policy based upon her assertion that the insured is legally responsible, due to negligence and proximate cause, for any injury or damage she suffered as a result of the accident. Because Watson's claim is based upon the coverage set forth in the policy between Allstate and its insured, it constitutes a claim as defined at section 21.202 of the State Board of Insurance Rules. If Watson has a claim as defined, she has a cause of action against Allstate if she can show that, as a regular business practice, Allstate does not deal fairly with such claimants when its liability becomes reasonably clear.

Everyone recognizes that if Watson has a "claim" as defined by the Insurance Board rules then she is also a "claimant" as defined by the rules. Surely one who is a claimant under the rules is entitled to have his or her claim dealt with fairly by the insurer which means that where the insurer's liability is reasonably clear, the insurer must attempt in good faith to effectuate prompt, fair, and equitable settlement of such a claim. We assume that the legislature in providing for mandatory liability insurance for the benefit of those who might suffer injury or damage on our highways did not envision those injured parties not even having their claims fairly considered by insurers until they first obtained a court judgment against the insured.

Allstate and the *amici curiae* make several policy arguments as to dire consequences that will result in the event that there is such a cause of action. If we find the policy arguments compelling, are we to ignore a cause of action created by the legislature and the rules of the State Board of Insurance? We do not think so. One *amicus curiae* argues that intrusion into the legislative arena to establish a cause of action without regard for traditional constitutional and legal safeguards of legislative power violates a fundamental judicial rule. If that be so, then our abolishment of a

cause of action established by the legislature and the State Board of Insurance, when the constitutionality of the cause of action has not been called into question, would also be an unwarranted intrusion into the legislative and the executive arena that we as a part of the judicial branch would not be privileged to make.

Allstate refers us to the California cases of *Royal Globe Ins. Co. v. Superior Court*, 23 Cal.3d 880, 153 Cal.Rptr. 842, 592 P.2d 329 (1979) and *Moradi–Shalal v. Fireman's Fund Ins.*, 46 Cal.3d 287, 250 Cal. Rptr. 116, 758 P.2d 58 (1988). It argues that the California Supreme Court adopted the rule we have announced here but had to change its mind because of the consequences that followed. In *Royal Globe*, the California Supreme Court inferred an individual cause of action for unfair claims settlement practices from statutory language that did not expressly provide for such a cause of action. *Royal Globe*, 592 P.2d at 329. Later, in *Moradi–Shalal*, the court overruled *Royal Globe*, apparently since most other state courts and commentators did not agree with its interpretation of the language of the act as creating an individual cause of action. *Moradi–Shalal*, 758 P.2d at 58. Our situation is different because article 21.21, section 16 of the Texas Insurance Code expressly creates an individual cause of action for unfair claims settlement practices, and such an individual cause of action has been recognized by the Texas Supreme Court in *Vail*, 754 S.W.2d at 134. Here then, unlike California, the issue is whether Watson is an individual who may bring such an action, not whether such an action exists under the Code.

Finally, Allstate argues that if we are correct then at least the trial ought to be postponed until a judicial determination of liability of the insured has been made in a separate proceeding. Since Allstate sought judgment in the trial court and not an abatement until proceedings against the insured were completed, the time at which the proceedings were to be heard was not at issue in the trial court and therefore has not been at issue here. We consequently do not reach that issue.

■ In her motion for rehearing, Watson urges that there is no need to use the federal definition of the "business of insurance" because the term is defined by Texas Insurance Code article 1.14-1, section 2(a)(6) to include the investigation or adjustment of claims. We withdraw our holding in the original opinion that federal law controls in causes of action under article 21.21, section 16 of the Texas Insurance Code as to what constitutes the "business of insurance." Instead, we hold that in this cause whether one relies on the federal standard as discussed in our original opinion or the state standard as found in article 1.14-1, section 2(a)(6) of the Insurance Code, the handling of Watson's claim constituted the business of insurance.

We overrule Allstate's motion for rehearing and grant Watson's motion for rehearing only to the extent stated in this opinion.