**Reland K. HERMAN, Plaintiff,**

**v.**

**Guillermo MILLICOVSKY,
et al., Defendants.**

**Civ. A. No. G–92–509.**

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 17, 1992.

Gary D. Lykins, Gwinn & Roby, Dallas, TX, for defendants.

Mark A. Ticer, Dallas, TX, for plaintiff.

### *ORDER*

KENT, District Judge.

Before the Court is Plaintiff's Motion to Remand. For the reasons stated below, the

Court is of the opinion that the motion should be GRANTED.

Defendants argue that this case was properly removed because complete diversity exists between Plaintiff and Defendant State Farm Mutual Automobile Insurance Company. While complete diversity does not exist between Plaintiff and the two individual defendants, both of whom are insurance adjusters, Defendants argue that the citizenship of the individual defendants need not be considered because they were fraudulently joined.

 The fraudulent joinder of a nondiverse party will not defeat removal. To establish fraudulent joinder, however, the removing party must demonstrate that there is no possibility that the plaintiff could recover in state court. *See, e.g., Villar v. Crowley Maritime Corp.*, 780 F.Supp. 1467, 1473 (S.D.Tex.1992).

 In the instant case, Plaintiff asserts claims against the individual defendants. First, Plaintiff argues that he has an action for negligent infliction of emotional distress. Recently, the Texas Supreme Court held that no such cause of action exists under Texas law. *Boyles v. Kerr*, 855 S.W.2d 593 (1993).

 Plaintiff also asserts claims against the individual defendants for violations of the Texas Insurance Code. To establish the existence of a cause of action, Plaintiff relies on *Watson v. Allstate Ins. Co.*, 828 S.W.2d 423 (Tex.App.—Fort Worth 1991, writ granted), in which the court held that a third-party beneficiary has a cause of action under Tex. Ins.Code Ann. art. 21.21, § 16. The Texas Supreme Court has recognized such a cause of action when brought by an insured. *Vail v. Texas Farm Bureau Mutual Ins. Co.*, 754 S.W.2d 129, 134 (Tex.1988). Plaintiff has cited no Texas cases, and the Court has found none, holding that a cause of action exists under Article 21.21, section 16 against individual adjusters. On the other hand, Article 21.21, section 16 provides a cause of action in favor of "[a]ny person who has sustained actual damages as a result of another's engaging in an act or practice declared ... to be [an] unfair method[ ] of competition or [an] unfair or deceptive practice[ ] in the business of insurance...."

Thus, by its terms, the statute at least arguably provides a cause of action against individuals, such as the individual defendants in this case, and Defendants have cited no cases, and the Court has found none, holding that no such cause of action exists against an individual defendant. While Defendants arguments are persuasive, they are not conclusive, and while it may, in fact, turn out to be the case that no such cause of action exists, the Court cannot, at this time, say that there is no way Plaintiff will prevail on his claim in state court. Thus, Defendants have not met their burden, and this case was, therefore, improperly removed.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Remand is GRANTED for LACK OF SUBJECT MATTER JURISDICTION.

It is further ORDERED that this action is REMANDED to the state court from whence it came.

It is further ORDERED that each party bear its own taxable costs, expenses and attorney's fees.

It is further ORDERED that all other motions pending are NOT REACHED.

It is further ORDERED that the parties file no further pleadings in this Court.

IT IS SO ORDERED.

THIS IS A FINAL JUDGMENT.