**Ex parte Michael OWENS, Relator.**

No. 20603.

Court of Civil Appeals of Texas, Dallas.

Sept. 2, 1980.

E. A. Cade, Dallas, for appellant.

Frank Armstrong, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

ROBERTSON, Justice.

This is an original habeas corpus proceeding under article 1824a, Tex.Rev.Civ.Stat. Ann., to secure the release of the relator, Michael Owens, who has been adjudged in contempt of the 303rd District Court of Dallas County, Texas, for failure to make child support payments. The writ is granted, and relator is discharged.

On the record before us it appears that the parties were divorced on January 27, 1972, in Cause No. 71–9937 in the Domestic Relations Court No. 2 of Dallas County, Texas, now the 302nd District Court. Relator was ordered to pay $100 per month per child as child support for three children. Sometime in 1975, relator filed Cause No. 75–3019 in the Domestic Relations Court No. 3 of Dallas County, Texas, now the 303rd District Court, seeking modification of the custody provisions of the 1972 decree. In that cause, an order was signed on April 13, 1976, appointing relator managing conservator of two of the minor children, and his former spouse, the respondent, possessory conservator of these two children with visitation one weekend per month. Relator was appointed possessory conservator of the other child with visitation rights modified. This order is silent as to child support payments.

On November 21, 1979, in Cause No. 71–9987–D/R 2, respondent filed a motion for contempt in the 302nd District Court, alleging arrearages in child support for the years 1976, 1977 and 1978 ordered by the 1972 decree. As the result of a hearing on February 5, 1980, before the 302nd District Court, the court transferred the contempt motion to the 303rd District Court. On June 30, 1980, the 303rd District Court, in Cause No. 71–9987, sustained the contempt motion as reflected in its order, attachment and commitment in contempt under which relator was incarcerated.

Before adoption of Title 2 of the Family Code, the court which issued the divorce decree had continuing jurisdiction with respect to support, *Ex parte Mullins*, 414 S.W.2d 455, 456 (Tex.1967), but not with respect to custody, and any court of competent jurisdiction could entertain an independent suit for change of custody. *Lakey v. McCarroll*, 134 S.W.2d 1016, 1021 (Tex. 1940). This division of jurisdiction raised an obvious problem with respect to continuation of the support obligation after a change of custody. One of the purposes of the Code was to eliminate these problems. Consequently, section 11.05(a) provides that when a court acquires jurisdiction of a suit affecting the parent–child relationship, that court "retains continuing jurisdiction of all matters provided under this subtitle in connection with the child," including both support and conservatorship and that "no other court has jurisdiction of a suit affecting the parent–child relationship with regard to that child," with certain exceptions not material to the present case.

This provision with respect to continuing exclusive jurisdiction, however, was not applied to custody and support orders signed before January 1, 1974, the effective date of Title 2 of the Code. With respect to modification of those orders, subdivision (b) of the preamble to Title 2 provides:

> Any action or suit commenced after January 1, 1974, that has as its object the modification of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent–child relationship, is governed by the provisions of this Act, and shall be treated as the commencement of a suit affecting the parent–child relationship in which no court has continuing exclusive jurisdiction.

■ Under this provision, a proceeding to modify a pre–1974 order is treated as a new suit, and the court in which that suit is filed obtains continuing exclusive jurisdiction. *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex. 1974). Such jurisdiction includes support as well as conservatorship, since a suit concerning support is within the definition of "suit affecting the parent–child relationship" in section 11.01(5). Consequently, in the present case, when the Domestic Relations Court No. 3 issued its order modifying conservatorship in 1976, it had exclusive jurisdiction of the children named with respect to support as well as conservatorship and the power to modify the support obligation as well as the custody provisions of the 1972 decree. *See Trader v. Dear*, 565 S.W.2d 233 (Tex.1978). Since this order is silent as to child support and in fact made relator managing conservator of two of the three children, and, in the absence of any express provision for their support, he was under no obligation to make further payments to respondent for the support of those two children. Furthermore, since it is silent as to the third child, by implication, it also relieves him of any legal obligation to make further payments to respondent for the support of that child. Moreover, respondent concedes that relator has been found in contempt for failure to support all three children, including those for whom he was appointed managing conservator. Therefore, we conclude that the contempt order is void.

■ Respondent argues that relator is estopped to deny his obligation of support since he has continued making partial payments after the 1976 order. An estoppel is defensive in character. Its function is to preserve rights, not to create them. Since respondent was under a moral obligation, but not a court ordered legal obligation, to support his child, estoppel is not applicable in this proceeding. *See Southland Life Ins. Co. v. Vela*, 217 S.W.2d 660, 663 (Tex.1949).

Writ granted, and relator is discharged from confinement.