**BEAUMONT NEUROLOGICAL HOSPITAL**

v.

**HUMANA, INCORPORATED.**

**Civ. A. No. 1:90–CV–662.**

United States District Court,
E.D. Texas,
Beaumont Division.

July 26, 1991.

---

Ernest J. Browne, Jr., Browne & Browne, Beaumont, Tex., for plaintiff.

Kathryn Ann FitzGibbon, McFall & Sartwelle, Houston, Tex., for defendant.

## MEMORANDUM OPINION
## AND ORDER

COBB, District Judge.

Defendant Humana, Inc. (Humana), after timely removing plaintiff Beaumont Neurological Hospital's (BNH) state court action for negligence and breach of contract, has filed a motion for summary judgment. Humana's grounds for summary judgment are (1) preemption of BNH's state law causes of action by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA) and (2) BNH's lack of standing. BNH has responded and each side has filed affidavits and other documentary evidence.

## I. FACTUAL BACKGROUND

BNH sued Humana for the unpaid hospital bills of three patients. BNH alleged that Humana verified health insurance coverage at the time the three patients were admitted and later refused coverage on the ground that the services rendered, substance abuse treatments, were not medically necessary under the terms of Humana's group health plan. BNH, as assignee of the patients' rights, pled claims under Texas law for (1) negligence (negligent verification of coverage) and (2) breach of contract.[1]

## II. THE LAW

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

1. The court interprets plaintiff's claims as arising under state law because the plaintiff's complaint is devoid of any reference to ERISA. The plaintiff's complaint also fails to make reference to any specific state statute or common law theory of recovery, except the allegation concerning the recovery of attorney's fees. The court finds, however, that plaintiff has alleged that Humana negligently verified coverage. This allegation combined with the allegation regarding the recoverability of attorney's fees under Texas law convinces the court that plaintiff has pled a complaint under state law.

judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). After a thorough review of the documents comprising the record in this case, it is apparent that there is no genuine issue as to any material fact and that, therefore, this dispute is ripe for summary judgment.

■ To determine whether removal was proper in this case, the court must first determine if Humana's health plan is an ERISA plan. The definitions of an "employee welfare benefit plan" and a "welfare plan" are set forth at 29 U.S.C. § 1002(1). After a review of the plan brochure and the affidavit of the Humana representative, the court finds that the health care insurance provided and administered by Humana fits squarely within the framework of § 1002(1).

The next step in determining the propriety of removal is to determine if BNH's lawsuit was brought to "... recover benefits due to him under the terms of his plan, or to enforce his rights under the terms of the plan..." 29 U.S.C. § 1132(a)(1)(B). It is clear from Humana's complaint that this is a lawsuit within § 1132(a)(1)(B). Under the Court's holding in *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 67, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987), even though Humana's suit

> purports to raise only state law claims, [it] is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore "arises under the laws ... of the United States," 28 U.S.C. § 1331, and is removable to federal court by the defendant[ ], 28 U.S.C. § 1441(b).

Accordingly, removal was proper.

■ The court must next determine whether ERISA preempts Humana's state law claims for benefits. On this point, the court has been given substantial guidance. The ERISA statute itself contains an express and broadly-worded preemption provision, 29 U.S.C. § 1144(a), which states:

> [e]xcept as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State

laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

In subsection (c) of § 1144, "state law" is defined as "... all laws, decisions, rules, regulations, or other State action having the effect of law ..." None of the exclusions from preemption contained in subsection (b) and § 1003(b) are implicated in this case.

Much judicial ink has been painstakingly expended construing the preemption language of § 1144(a), titled § 514(a) in the original act. In *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983), the Court observed that "[t]he breadth of § 514(a)'s pre-emptive reach is apparent from that section's language.... [a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." In *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985), the Court added that "[t]he preemption provision was intended to displace all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements." In *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Court held that § 514(a) preempted state common law tort and contract actions for improper processing of a claim under an ERISA plan. The Court further noted that

> [t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA–plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

481 U.S. at 54, 107 S.Ct. at 1556. In *FMC Corp. v. Holliday,* —— U.S. ——, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990), the Court held that ERISA preempted a state law precluding employee welfare benefit plans from

exercising subrogation rights on a claimant's tort recovery. The Court there stated:

[t]he preemption clause is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that 'relates to' an employee benefit plan governed by ERISA.

— U.S. at ——, 111 S.Ct. at 407, 112 L.Ed.2d at 364. And, in *Ingersoll–Rand Co. v. McClendon,* —— U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), the Court reaffirmed its view of the broad sweep of § 514(a), holding that ERISA preempted a state law claim for unlawful discharge to prevent attainment of benefits under an ERISA plan.

The judges of the Fifth Circuit have also written a plethora of decisions construing the preemptive reach of § 514(a). For example, in *Ramirez v. Inter–Continental Hotels,* 890 F.2d 760 (5th Cir.1989), the court held that ERISA preempts state law claims of violations of the Texas Insurance Code and the Texas Deceptive Trade Practices—Consumer Protection Act. The district court had previously dismissed, on preemption grounds, the plaintiff's state law claims of breach of contract, breach of fiduciary duty, and negligence.

In *Memorial Hospital System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 245 (5th Cir.1990), the court summarized prior decisions of the circuit holding that § 514(a) preempted

state law claims based on breach of contract, fraud, or negligent misrepresentation, that have the effect of orally modifying the express terms of an ERISA plan and increasing plan benefits for participants or beneficiaries who claim to have been misled.

The plaintiff, BNH, has referred the court to one case in response to Humana's preemption argument. This decision by the Texas Supreme Court is not binding on this court. *Gorman v. Life Ins. Co. of North America,* 811 S.W.2d 542 (Tex.1991), is cited for the proposition that "[i]t is clear that Plaintiff has a valid cause of action to recover the benefits under the terms of the plans and to enforce the rights under same. Both state and federal courts have concurrent jurisdiction of same." BNH's Reply to Humana's Motion for Summary Judgment at para. V. *Gorman,* however, fully supports this court's analysis. At 811 S.W.2d at 546 it states:

... the state court has concurrent jurisdiction over the action even in the face of ERISA preemption and, *in the absence of removal to the federal courts,* may properly decide the case under the provisions of ERISA.

(emphasis supplied). As BNH is now aware, this action has been removed to federal court. Thus, concurrent state court jurisdiction no longer exists.

Accordingly, after a thorough review of BNH's complaints (including its "First Amended Original *Petition"* (emphasis added) first filed in this court) in conjunction with the controlling authorities, the court finds that there is no question that BNH's state law claims relate to an employee benefit plan under ERISA and are preempted pursuant to § 514(a) of the same act.

■ Humana has also moved for summary judgment on the basis that BNH lacks standing to bring this action. However, the record contains the assignment of rights forms executed by the three past BNH patients in favor of BNH. The court is therefore satisfied that BNH has standing to bring this action. *See Barrett Computer Services, Inc. v. PDA, Inc.,* 884 F.2d 214 (5th Cir.1989).

### III. THE RELIEF

Accordingly, it is hereby ORDERED that:

(1) defendant Humana's motion for summary judgment on the ground of Beaumont Neurological Hospital's lack of standing is DENIED;

(2) defendant Humana's motion for summary judgment on the ground of preemption by ERISA of plaintiff Beaumont Neurological Hospital's state law claims as stated in its first amended original petition (sic) is GRANTED;

(3) the state law claims stated by plaintiff Beaumont Neurological Hospital in its first amended original petition (sic) are hereby DISMISSED WITH PREJUDICE;

(4) plaintiff BNH is granted leave to file an amended complaint within thirty (30) days of the docketing of this order stating a claim under the Employee Retirement Income Security Act of 1974, as amended;

(5) should plaintiff refile its complaint, said complaint SHALL include the following:

(a) the specific statutory basis for subject matter jurisdiction and venue in this court;

(b) the acts of the defendant that comprise the alleged negligent verification of coverage;

(c) the specific provision(s) of ERISA the defendant is alleged to have violated;

(d) facts regarding plaintiff's exhaustion of administrative remedies under ERISA; and

(e) the specific provision(s) of ERISA—not the Texas Revised Civil Statutes Annotated—which entitle plaintiff to attorney's fees.