**FOREST SPRINGS HOSPITAL,**
Plaintiff,

v.

**ILLINOIS NEW CAR AND TRUCK DEALERS ASSOCIATION EMPLOYEES INSURANCE TRUST, Defendants.**

Civ. A. H–92–2800.

United States District Court,
S.D. Texas.

Feb. 10, 1993.

Mason Meyer, Sullins, Johnston, Rohrbach, Magers & Herbert, Houston, TX, for plaintiff.

Michael W. O'Hara, Cavanagh & O'Hara, Springfield, IL, Carl Dudensing, Brady King, Dudensing & Webb, Houston, TX, for defendants.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the Court is Defendant's Motion to Dismiss and/or For Summary Judgment. (Docket # 5). The Court, after considering the motion, Plaintiff's response, and Defendant's reply, as well as the supporting memoranda, affidavits, and exhibits, is of the opinion that the motion should be granted in part and denied in part.

## I. *Background.*

In its complaint, Plaintiff Forest Springs Hospital ("Forest Springs") seeks to recover unpaid medical expenses for the treatment and hospitalization of Cynthia Jacobs, Marian Jacobs, and Sarah Jacobs (collectively "the Jacobses"). Forest Springs alleges that before providing health care services to the Jacobses, it contacted Defendant Illinois New Car and Truck Dealers Association Employees Insurance Trust (the "Insurance Trust"), which verified that the Jacobses were covered under its benefit plan. The Jacobses executed assignments of benefits due under the plan to Forest Springs. The Insurance Trust denied payment of the expenses submitted by Forest Springs, claiming that the Jacobses' coverage under the plan had terminated two months prior to their admission to Forest Springs.

In the first count of its complaint, Forest Springs alleges a federal statutory action under § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), to recover benefits due under the terms of the plan. The second count alleges common law causes of action for negligent misrepresentation and equitable estoppel based on the

Insurance Trust's erroneous verification of coverage.

The Insurance Trust seeks to have the first count dismissed or summary judgment entered against Forest Springs for its alleged failure to exhaust administrative remedies provided under the plan. The Insurance Trust seeks dismissal or summary judgment on the common law claims, asserting that they are preempted by ERISA.

## II. Analysis.

### A. The ERISA claim.

Normally, a plaintiff's failure to exhaust the administrative remedies provided in an ERISA plan forecloses judicial review of the claim denial.[1] *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014 (5th Cir.1993). *See Simmons v. Willcox,* 911 F.2d 1077, 1081 (5th Cir.1990); *Denton v. First Nat'l Bank,* 765 F.2d 1295, 1300–03 (5th Cir.1985). There are, however, exceptions to the exhaustion requirement, as where resort to the administrative route would be futile or where a claimant has been denied meaningful access to the procedures. *See Curry v. Contract Fabricators, Inc. Profit Sharing Plan,* 891 F.2d 842, 846–47 (11th Cir.1990); *Jenkins v. Local 705 Int'l Bhd. of Teamsters Pension Plan,* 713 F.2d 247, 254 (7th Cir.1983); *Carter v. Signode Indus.,* 688 F.Supp. 1283, 1286–88 (N.D.Ill.1988). In the instant case, the Court finds that Forest Springs has presented sufficient summary judg-ment evidence to raise genuine issues of material fact with respect to the exhaustion requirement. Fact issues exist as to whether Forest Springs attempted to exhaust administrative remedies, whether it should be excused from exhausting such remedies, and whether it can be required to arbitrate under the plan.[2] Fact questions also exist as to the merits of the underlying claim, *i.e.*, whether the Jacobses were covered by the plan, and if so, whether benefits were properly denied. Therefore, the Insurance Trust is not entitled to dismissal or summary judgment on Forest Spring's statutory ERISA claim.

### B. The Common Law Claims.

The question of whether a third-party, health care provider's claim for misrepresentation of insurance coverage is preempted by ERISA has been examined by a number of courts. A split of authority, both among the circuits and within the Fifth Circuit, has emerged, thus providing no clear guidance for this Court. In *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 250 (5th Cir.1990), the Fifth Circuit held that a claim under Tex. Ins.Code Ann. art. 21.21 § 16(a) (a codification of the negligent misrepresentation cause of action) for false representation of insurance coverage to a third-party provider was not preempted. In reaching its decision, the court cited a number of policy considerations supporting its determination that the misrepresentation claim was inde-

---

1. The Court rejects Forest Springs' contention that the plan may not be an ERISA plan. The Insurance Trust has presented competent summary judgment evidence demonstrating that the plan is an ERISA plan, but Forest Springs has failed to articulate specific facts in proper summary judgment form showing that there is a genuine issue of fact with respect to this issue. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Moreover, Forest Springs is bound by the admissions in its complaint that the Insurance Trust is a plan of medical insurance governed by the provisions of ERISA, as well as its assertion of a claim for relief based expressly on ERISA. *See Davis v. A.G. Edwards & Sons, Inc.,* 823 F.2d 105, 107–08 (5th Cir.1987); *White v. Arco/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir.1983).

2. The Court finds paragraph 4 of the affidavit of Michael W. O'Hara, attached as Exhibit C to the Insurance Trust's reply brief, *not to be credible.* In that paragraph, Mr. O'Hara states that on May 31, 1991, he sent a certified letter to the attorney for Forest Springs and enclosed a copy of the Summary Plan Description. However, the certified mail receipt purportedly confirming the delivery of the letter and Summary Plan Description shows that only $.29 in postage was placed on the letter. The Summary Plan Description, which is attached to the reply brief, is a document 55 pages in length that weighs far in excess of one ounce, the upper limit for $.29 postage. Thus, it appears that the Summary Plan Description was not, in fact, enclosed with the letter, lending credence to Forest Springs' contention that it did not receive information about the plan until a later date.

pendent of, and not preempted by, ERISA. The court explained:

> If a patient is not covered under an insurance policy, despite the insurance company's assurances to the contrary, a provider's subsequent civil recovery against the insurer in no way expands the rights of the patient to receive benefits under the terms of the health care plan. If the patient is not covered under the plan, he or she is individually obligated to pay for the medical services received. The only question is whether the risk of non-payment should remain with the provider or be shifted to the insurance company, which through its agents misrepresented to the provider the patient's coverage under the plan. A provider's state law action under these circumstances would not arise due to the patient's coverage under an ERISA plan, but precisely because there is no ERISA plan coverage.

*Id.* at 246. *See also HCA Health Serv. of the Midwest, Inc. v. Catrambone*, 682 F.Supp. 381, 383 (N.D.Ill.1988). The court found unpersuasive the defendant's argument that Memorial's damages, if it should prevail, would be measured in part by the amount of benefits it would have received if there had been no misrepresentation regarding coverage. The court determined that this incidental relation to an ERISA plan was insufficient to require a finding of preemption. *Id.* at 247.

The Tenth Circuit in *Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc.*, 944 F.2d 752, 756 (10th Cir. 1991), agreed with the Fifth Circuit's reasoning in *Memorial* in finding that a third-party provider's state law action based upon misrepresentation of coverage was not preempted by ERISA. In *Hospice*, the Tenth Circuit noted, as did the Fifth Circuit in *Memorial*, that the plaintiff did not allege any conduct on the part of the insurer that related to the administration of the plan, to the processing of any covered claim, or that impinged on any employee's ERISA rights. *Id.* at 755. The court likewise concluded, as did the Fifth Circuit in *Memorial*, that a state law claim that does not affect the relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries—as such, is not preempted by ERISA. *Id.* at 756.

Nevertheless, in *Hermann Hosp. v. MEBA Medical & Benefits Plan*, 959 F.2d 569, 578 (5th Cir.1992) ("Hermann II"), the Fifth Circuit, relying on the law of the case doctrine, upheld a previous ruling in *Hermann Hosp. v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1291 (5th Cir.1988) ("Hermann I"), that Hermann's state law claims of misrepresentation were preempted. The court found that Hermann's state law claims had a nexus with the ERISA plan and its benefit system. *Hermann II*, 959 F.2d at 578. The facts in *Hermann* differed from that of *Memorial* and *Hospice* because the dispute in *Hermann* centered around an alleged misrepresentation as to the extent of coverage, not a situation where, like here and in *Memorial* and *Hospice*, the defendant contends there is no coverage at all. In *Parkside Lutheran Hosp. v. R.G. Zeltner & Assoc., Inc.*, 788 F.Supp. 1002 (N.D.Ill.1992), the court attempted to reconcile the divergent results reached in third-party provider cases. The court stated:

> These cases suggest that in an action for misrepresentation, the claim's relation to the plan depends on the nature of the representation: if it was merely regarding whether or not the patient had coverage and, hence, created a duty between insurer and provider, the plan is not involved and the action does not "relate to" the plan; however, if the conversations concerned the nature of the coverage under the plan—e.g., whether an illness was a pre-existing condition or whether a given procedure was covered under the policy—they do "relate to" the plan for ERISA preemption purposes.

*Id.*

In *Brown Schools, Inc. v. Florida Power Corp.*, 806 F.Supp. 146, 150 (W.D.Tex. 1992), the court similarly attributed the apparent discrepancy between *Memorial* and *Hermann* to the fact that in *Memorial*, there was no ERISA coverage and therefore the hospital would have no recourse

under either ERISA or state law if the hospital's state law claims were preempted, whereas in *Hermann,* ERISA coverage existed but it was allegedly improperly denied. These distinctions serve to distinguish the majority of the cases finding a third-party provider's common law claims to be preempted. *See id.; Coonce v. Aetna Life Ins.,* 777 F.Supp. 759 (W.D.Mo. 1991); *Beaumont Neurological Hosp. v. Humana, Inc.,* 780 F.Supp. 1134 (E.D.Tex. 1991). *But see Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272 (6th Cir.1991) *cert. dism'd,* —— U.S. ——, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992).

When faced with the quagmire of conflicting precedent, this Court finds most persuasive the Fifth Circuit's policy arguments in *Memorial.* As observed by the Fifth Circuit, this Court sees no adequate explanation of how insulating plan fiduciaries from the consequences of their own misrepresentations to third-party providers would further any of ERISA's goals. *Memorial,* 904 F.2d at 247. Certainly, it would be hard to conceive that a state law cause of action against a patient who misrepresented that he had coverage under a benefit plan, when in fact he did not, would be preempted by ERISA. The Court sees no reason for a different result to follow just because the misrepresentation comes from a benefit plan, not from a patient. It seems inappropriate to saddle the third-party provider with the risk of nonpayment rather than shifting the burden to the benefit plan, which through its agents misrepresented to the provider the patient's coverage under the plan. *See id.* at 246.

At a time when concerns are being voiced nationwide that health care should be made more available and affordable, precluding a health care provider from recovering against a benefit plan for misrepresentation of coverage would only serve to exacerbate the problem. Third-party providers no doubt would become increasingly wary of rendering medical treatment to patients without a sizeable up-front deposit or a substantial delay in order to assure coverage. *See id.* at 247. This would defeat the purposes of ERISA and impinge upon the accessibility of medical services to

all Americans. Thus, this Court concludes that Forest Springs' negligent misrepresentation claim is not preempted and that the Insurance Trust is not entitled to dismissal or summary judgment on that claim.

■ Forest Springs' equitable estoppel claim, however, stands on a different footing. Forest Springs claims that the Insurance Trust is equitably estopped "to deny coverage for the hospitalization, care and treatment" of the Jacobses. This claim, unlike negligent misrepresentation, implicates the ERISA plan itself; it is tantamount to a claim for benefits under the plan. Therefore, it is preempted by ERISA. *See Memorial,* 904 F.2d at 239 n. 2; *Brown Schools,* 806 F.Supp. at 150.

■ Moreover, under Texas law, equitable estoppel is not an independent cause of action. *Hermann Hosp. v. National Standard Ins. Co.,* 776 S.W.2d 249, 254 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Estoppel is purely defensive in character; its function is to preserve rights, not to bring into being an independent cause of action. *Id. Accord Ex Parte Owens,* 605 S.W.2d 709, 711 (Tex.Civ. App.—Dallas 1980, no writ); *Kroger Co. v. Demakes,* 566 S.W.2d 653, 658 (Tex.Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Traylor v. Gray,* 547 S.W.2d 644, 652 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Equitable estoppel precludes the person estopped—because of his act, conduct, or silence—from asserting a right which he otherwise would have had; it does not create any affirmative rights. *See In re Office Products of Am., Inc.,* 136 B.R. 675, 687 (Bankr.W.D.Tex.1992); *Theriot v. Smith,* 263 S.W.2d 181, 183 (Tex.Civ. App.—Waco 1953, writ dism'd w.o.j.). Furthermore, the Fifth Circuit does not recognize a federal common law estoppel claim in the ERISA context. *See Degan v. Ford Motor Co.,* 869 F.2d 889, 895 (5th Cir.1989). Thus, there is no basis upon which Forest Springs can assert an equitable estoppel cause of action in this case. Accordingly, the Insurance Trust is entitled to dismissal and summary judgment on that claim.

### III. *Conclusion.*

Because there exist genuine issues of material fact, the Insurance Trust's motion as to Forest Springs' ERISA claim is DENIED. The Insurance Trust's motion is likewise DENIED as to Forest Springs' common law claim for negligent misrepresentation. The Insurance Trust's motion with respect to Forest Springs' equitable estoppel claim is GRANTED.

IT IS SO ORDERED.