### COOK–FORT WORTH CHILDREN'S MEDICAL CENTER, Plaintiff,

v.

### WAL–MART ASSOCIATES GROUP HEALTH PLAN, Defendant.

No. 4:93–CV–253–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

June 11, 1993.

George T. Harris, Harris & Alder, Ft. Worth, TX, for plaintiff.

William Lee Latham, Mark Barnett French, McDonald Sanders, Ft. Worth, TX, for defendant.

### MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

Came on for consideration the motion of plaintiff, Cook–Fort Worth Children's Medical Center, for remand and the motion of defendant, Wal–Mart Associates Group Health Plan,[1] to dismiss. The court, having considered the motions, the responses thereto, the record and applicable authorities, finds that the motion for remand should be granted. The court does not reach the motion to dismiss.

The record reflects that plaintiff filed its original petition on March 3, 1993, in the 141st Judicial District Court of Tarrant

---

1. The court is proceeding on the assumption that the Wal–Mart Associates Group Health Plan is a suable entity. Neither party raises the issue of its status.

County, Texas. Plaintiff asserts claims based on Tex.Ins.Code Ann. art. 21.21 (Vernon 1981 & Supp.1993), breach of contract, negligent misrepresentation, quantum meruit, promissory estoppel[2] and negligence. The action is pending before this court as a result of a notice of removal filed by defendant on April 16, 1993. Defendant maintains that jurisdiction is proper because plaintiff's claims arise under federal law, specifically the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461.

As explained in plaintiff's motion for remand, plaintiff's claims against defendant are not based on any assignment by an ERISA plan beneficiary.[3] Rather, plaintiff asserts its claims as a third-party health care provider. Plaintiff alleges that, on or about March 6 through March 7, 1991, it provided services to a dependent child of an ERISA plan participant; that, on or about March 7, 1991, defendant verified to plaintiff that the patient had insurance coverage or benefits; that, on or about March 15, 1991, plaintiff received a letter from the agent of defendant stating that the patient's admission to plaintiff hospital had been certified; but, that defendant had failed and refused to pay bills submitted to it by plaintiff. The total amount of hospital bills alleged to be outstanding is $2,454.45. Plaintiff maintains that its claims are based solely on state law. Defendant alleges that removal was proper based on the complete preemption doctrine.

The propriety of removal turns on whether the case falls within the original federal question jurisdiction[4] of the United States District Courts. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8, 103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983). As the Supreme Court has explained:

Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 [57 S.Ct. 96, 97–98, 81 L.Ed. 70] (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (footnotes omitted). Thus, an action cannot be removed to federal court based on a federal defense, even a defense of preemption. *Id.* at 393, 107 S.Ct. at 2430.

The only exception to the well-pleaded complaint rule is that an action necessarily arises under federal law when a federal cause of action completely preempts the state cause of action. *Franchise Tax Board*, 463 U.S. at 24, 103 S.Ct. at 2854. The specific language used by the Supreme Court is that "if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law. *Id.* Therefore, if a federal claim completely preempts a state claim, a complaint coming within the scope of the federal claim necessarily arises under federal law and is removable. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir.1987).

In this case, plaintiff's claims do not come "within the scope of the federal cause of action" because plaintiff is not a participant or beneficiary in an ERISA plan. Therefore,

---

**2.** Because the court has determined that the action must be remanded, there is no need for the court to consider the viability of the claims asserted by plaintiff. The court does note that equitable estoppel is not an independent cause of action in the ERISA context or otherwise. *Degan v. Ford Motor Co.*, 869 F.2d 889, 895 (5th Cir.1989); *Hermann Hosp. v. National Std. Ins. Co.*, 776 S.W.2d 249, 254 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

**3.** The action is thus distinguishable from *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir.1990), where removal was proper because the plaintiff was asserting certain claims as assignee of ERISA plan benefits.

**4.** Defendant does not argue that removal was proper based on diversity jurisdiction.

plaintiff's claims cannot be recharacterized as ERISA claims. *Hunter v. United Van Lines,* 746 F.2d 635, 643 (9th Cir.), *cert. denied,* 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985). The case is thus distinguishable from *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). There, removal was found to be proper because the plaintiff's claims came within the scope of 29 U.S.C. § 1132(a). Because Congress had clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of ERISA removable to federal court, the court determined to honor that intent whether ERISA preemption was obvious or not at the time the suit was filed. 481 U.S. at 66, 107 S.Ct. at 1547–48. Although the suit purported to raise only state law claims, it was necessarily federal in character and therefore arose under the laws of the United States. *Id.* at 67, 107 S.Ct. at 1548.

Other courts that have considered the issue have explained the requirement that the removed action be "within the scope of the federal cause of action" to mean that, even when federal law preempts state law, removal is not proper unless federal law also supplants state law with a federal claim. *Young,* 830 F.2d at 997; *Hunter,* 746 F.2d at 640–43. *See also Sullivan v. First Affiliated Securities, Inc.,* 813 F.2d 1368, 1372 (9th Cir.), *cert. denied,* 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987); *United Jersey Banks v. Parell,* 783 F.2d 360, 366–68 (3rd Cir.), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986). Thus, in *Franchise Tax Board,* the Supreme Court rejected removal jurisdiction because ERISA did not provide an alternative cause of action in favor of the plaintiff to enforce its rights. *Franchise Tax Board,* 463 U.S. at 26, 103 S.Ct. at 2855.[5]

In this case, ERISA does not appear to provide plaintiff an alternative cause of action.[6] *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987) (the comprehensive civil enforcement scheme set forth by Congress in § 1132 is exclusive); *Hermann Hospital v. MEBA Medical and Benefits Plan,* 959 F.2d 569, 577–78 (5th Cir.1992).[7] Therefore, defendant's assertion of preemption is defensive only [8] and does not give rise to federal jurisdiction.

The court ORDERS that plaintiff's motion for remand be, and is hereby, granted and that the above-styled and numbered action be, and is hereby, remanded to the 141st Judicial District Court of Tarrant County, Texas, from which it was removed.

---

**5.** The court is mindful of the Supreme Court's distinction between a cause of action and a remedy. *See Caterpillar,* 482 U.S. at 391, n. 4, 107 S.Ct. at 2429, n. 4. In the instant case, the question of whether plaintiff has a remedy is not reached because it clearly has not asserted a cause of action that is brought under ERISA or could be recharacterized as a claim under ERISA.

**6.** There are two types of suits that can be brought against ERISA plans, to wit: civil enforcement actions by participants and beneficiaries and run-of-the-mill state law claims. *Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 832–33, 108 S.Ct. 2182, 2186–87, 100 L.Ed.2d 836 (1988). Only a plan beneficiary or participant may bring a civil action to recover benefits due under the terms of a plan or to enforce rights under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). Moreover, although run-of-the-mill claims are a type of civil suit that can be brought against a plan, they are not themselves ERISA claims in the sense that federal law cre-

ates the cause of action. Rather, they are state law claims that affect ERISA plans in too tenuous, remote or peripheral a manner to warrant a finding that the law relates to the plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100, n. 21, 103 S.Ct. 2890, 2901, n. 21, 77 L.Ed.2d 490 (1983).

**7.** The court is not passing, however, on the issue of preemption. The debate as to whether ERISA preempts the claims of third-party health care providers is wide open. *See, e.g., Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272 (6th Cir.1991), *cert. dism'd,* —— U.S. ——, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992); *Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc.,* 944 F.2d 752 (10th Cir.1991); *Forest Springs Hosp. v. Illinois New Car & Truck Dealers Ass'n Employees Ins. Trust,* 812 F.Supp. 729 (S.D.Tex.1993).

**8.** The state court is as competent as this court to hear the preemption defense. *See Sullivan,* 813 F.2d at 1372, n. 5.